FILED

OCT 17 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Name **Chad Noble**
Prison Number **10189-028**
**U.S.P Atwater, P.O. Box 019001**
**Atwater, CA 95301**
Address or Place of Confinement

Note: If represented by an attorney, write attorney's name, address & telephone number

# United States District Court
## EASTERN DISTRICT OF CALIFORNIA

**Chad Noble**
Full Name (First, Middle, Last)
Petitioner,

vs.

**Trate**
Name of Warden
(or other authorized person having custody of petitioner)
Respondent.

CASE NO. **1:22CV1318 CDB(HC)**
(to be supplied by the Clerk of the United States District Court)

RECEIVED OCT 17 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY**

---

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

1. _____ a conviction
2. _____ a sentence
3. _____ jail or prison conditions
4. _____ prison discipline
5. _____ a parole problem
6. ✓ other

CAUTION: If you are attacking a federal conviction, sentence or judgment, you must first file a direct appeal or motion under 28 U.S.C. § 2255 in the federal court which entered judgment.

(1) Place of detention: USP Atwater

(2) Name and location of court which imposed sentence: U.S. District Court, Southern District of Indiana

(3) Offense(s) and indictment number(s) (if known) for the sentence imposed: 21 U.S.C. §§ 846, 841(b)(1)(A), No. 2:11-cr-0009-JMS-CMMS

(4) The date the sentence was imposed and the terms of the sentence: February 5, 2013   Life sentence

(5) What was your plea (check one):   Not guilty (✓)   Guilty ( )   Nolo contendere ( )

(6) Kind of trial (check one):   Jury (✓)   Judge only ( )

(7) Did you appeal from the judgment of conviction or the imposition of sentence:   Yes (✓)   No ( )

(8) If you did appeal, answer the following for *each* appeal:

FIRST APPEAL:
Name of court: U.S. Court of Appeals For the Seventh Circuit
Grounds raised (list each):
1) Insufficient Evidence for Conspiracy - only Buyer-Seller Relationship
2)

Result/Date of result: Judgment Affirmed. September 18, 2013

SECOND APPEAL:
Name of court: _____
Grounds raised (list each):
1)
2)

Result/Date of result: _____

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9) State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner. Summarize *briefly* the *facts* supporting each ground

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY
Page 2 of 5

→ GROUND ONE Noble is actually innocent of statutory mandatory enhancement

life imprisonment based on two prior convictions not categorically felony drug offenses

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

**CAUTION:** You must state *facts, not conclusions,* in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

My mandatory Life sentence stems from an enhancement based on two Indiana State drug convictions. Pursuant to 21 U.S.C. §§ 841(b)(1) and 851. However, under Mathis, my prior Indiana State convictions are not categorically "prior felony drug offenses" under federal definition: 21 USC § 802(44), thus I am actually innocent of two qualifying § 851 predicates, and actually innocent of mandatory Life imprisonment enhancement. Thus, the warden's execution of sentence is illegal and unlawful.

→ GROUND TWO  Noble has not had an unobstructed procedural shot at present this claim.

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law).

My claim did not become available until the Supreme Court ruled in Mathis. Mathis was ruled on three months after my request for a COA to appeal my § 2255 denial, was also denied. In addition, during the period of my direct appeal and § 2255 Motion, Seventh Circuit authority had foreclosed my claim that the Indiana State statutes does not qualify as § 851 predicates. In 2019 and 2020, the Seventh Circuit changed its position, but a second/successive 2255 authorization is inapplicable in this matter.

## ADMINISTRATIVE APPEALS

(10) Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes ( )   No (✓)   If your answer is no, explain why not: Exhaustion requirement would be futile because BOP lacks judicial authority to resentence me. Ward, 678 F.3d 1042

If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL   Level of appeal: N/A
Grounds raised (list each):
1) N/A
2)
Result/Date of result:

SECOND ADMINISTRATIVE APPEAL   Level of appeal: N/A
Grounds raised (list each):
1) N/A
2)
Result/Date of result

THIRD ADMINISTRATIVE APPEAL   Level of appeal: N/A
Grounds raised (list each):


1) _____ N/A
2) _____
Result/Date of result: _____

FOURTH ADMINISTRATIVE APPEAL    Level of appeal: N/A
Grounds raised (list each):
1) _____ N/A
2) _____
Result/Date of result: _____

(11) Is the grievance process completed?    Yes ( )    No ( )   N/A

## PREVIOUS PETITIONS

(12) Have you filed previous petitions for habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

Yes ( )    No (✓)

(13) If your answer to Question #12 was yes, give the following information for *each* previous petition:

FIRST PREVIOUS PETITION
Name of court: _____ N/A
Nature of proceeding: _____
Grounds raised (list each):
1) _____
2) _____
Result/Date of result: _____

SECOND PREVIOUS PETITION
Name of court: _____ N/A
Nature of proceeding: _____
Grounds raised (list each):
1) _____
2) _____
Result/Date of result: _____

(14) If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255.

The claim raised in Question #9 presented a claim under Mathis, and Allen v. Ives. The claim is not cognizable in a §2255 Motion because Mathis did not pronounce a new rule of constitutional law, a prima facie requirement to proceed on §2244 and §2255. In addition, the Ninth Circuit authorizes claims of actual innocence of mandatory sentencing enhancements that stems from prior state convictions that are not categorical matches to federal generic definition of prior felony drug offenses.

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY
Page 4 of 5

(15) Are you presently represented by counsel?

Yes ( )   No (✓)

If so, provide your attorney's name, address, and telephone number:

_____
_____

(16) If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes ( )   No (✓)

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.




WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.


10-12-2022                            Chad Noble
(Date)                                (Signature of Petitioner)


_____
(Signature of Attorney, if any)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHAD NOBLE, | ) | Crim. No. 2:11-cr-0009-JMS-CMM5 |
| Petitioner, | ) | Civil No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN TRATE, USP ATWATER, | ) | |
| Respondent. | ) | |
| _____ | ) | |

MEMORANDUM OF POINTS AND AUTHORITY IN

SUPPORT OF MOTION UNDER 28 U.S.C. § 2241

COMES NOW, Chad Noble, pro se, and moves this Court for an order to vacate his mandatory life sentence pursuant to 28 U.S.C. § 2255(e)'s savings clause and Allen v. Ives, 950 F.3d 2242 (2016), on the grounds that: (1) he's actually innocent of his mandatory life enhancement that was imposed pursuant to 21 U.S.C. §§ 841 and 851, and (2) Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016). Noble is actually innocent of the section 851 enhancement, making the warden's execution of his detention illegal.

1

## I. PRELIMINARY STATEMENT

As a preliminary matter, Noble respectfully requests that this Court be mindful that pro se complaints are to be held "to less stringent standards than formal pleadings drafted by lawyer," and should therefore be liberally construed. See Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972)(same).

## II. BACKGROUND

Noble was charged with Conspiracy to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1). Prior to trial the government filed two prior drug felony notices pursuant to 21 U.S.C. § 851 that would require an enhancement of mandatory life imprisonment if Noble is convicted at trial. After a four day jury trial, Noble was found guilty for the charged offense. On February 5, 2013, he was sentenced to a mandatory life imprisonment on the basis of the § 851 notices.

Noble filed a timely appeal in the Court of Appeals for the Seventh Circuit, and the judgment was affirmed. See United States v. Noble, 536 F.3d 654 (7th Cir.). A writ of certiorari was denied. Noble v. United States, 134 S. Ct. 807. Noble sought habeas relief pursuant to 28 U.S.C. § 2255, which was denied, along with Noble's request for a COA. See United States v. Noble, 2016 U.S. Dist. LEXIS 33001 (S.D. Ind. March 15, 2016). The COA was also denied by the Seventh Circuit.

2

III. DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so on motion under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention. Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003).

In a § 2241 petition, the prisoner typically must show (1) actual innocence, and (2) that he "has not had an unobstructed procedural shot at presenting" his challenge. Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). To determine whether a petitioner has not had an unobstructed procedural shot, the Ninth Circuit considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008).

3

A.  Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 escape hatch is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623.

In Marrero v. Ives, 682 F.3d 1190 (9th Cir. 2012), the Ninth Circuit had left open the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch. id. at 1193. However, in Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020), the Ninth Circuit reached the question left open in Marrero and found that "Allen ha[d] made a claim of actual innocence that permits jurisdiction over his § 2241 petition." Id. at 1189. Shepherd v. Unknown Party, Warden, FCI Tucson, 5 F.4th 1075, 1077 (9th Cir. 2021)(citing Allen, 950 F.3d at 1188-89). Specifically, Allen asserted that under Mathis and Descamps, which are retroactive, his prior Connecticut state conviction was not a conviction for a predicate crime and thus, he's actually innocent of a crime that would qualify him for career offender status under the Guidelines, and actually innocent of the sentence that was imposed. Id. at 1188.

Here, Noble has satisfied the savings clause requirements that affords this court jurisdiction to adjudicate his cause pursuant to § 2241 and Allen v. Ives.

4

1. Noble is actual innocent of the prior felony drug offenses used to enhance his sentence to mandatory life imprisonment, thus, actual innocent of his mandatory life sentence

Prior to trial, the government filed prior drug felony notices against Noble, pursuant to 21 U.S.C. §§ 841(b)(1) and 851 for the purposes of enhancing his sentence to a statutory mandatory life imprisonment term. The prior felony notices relied on two Indiana State convictions: (1) Dealing in Marijuana, in violation of Ind. Code, § 35-48-4-10(a)(2)(b)(1)(B), and Dealing in Cocaine, in violation of Ind. Code § 35-48-4-1(2) Case No. 84D01-906-CF-00172; and (2) and Dealing in Controlled Substance, in violation of Ind. Code § 35-48-2(a)(1), Case No. 84D03-0506-FB-01535. At the time of Noble's conviction, direct appeal and first § 2255, the Seventh had foreclosed all claims that Noble's prior felony drug offenses are not qualifying § 851 predicates.

Indiana Code § 35-48-6 prohibits a person from knowingly or intentionally possessing "cocaine (pure or adulterated) or a narcotic drug (pure or adulterated) classified in schedule I or II" without a prescription or order of a practitioner. See Ind. Code § 35-48-4-6-(a). In addition, Indiana law provides that "cocaine includes cocoa leaves, and any salt, compound, or derivative of cocoa leaves, and any salt, compound, isomer, derivative, or preparation which is chemically equivalent or identical to any of these substances." Ind. Code § 35-48-1-7.

Under federal law, "felony drug offense is defined as

5

"[a]n offense that prohibits or restricts conduct relating to narcotic drug..." 21 U.S.C. § 804(44), and narcotic drug is defined as "cocoa leaves, except cocoa leaves and extracts from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed." 21 U.S.C. § 802(17)(C).

A comparison of the federal generic definition of drug offense and Indiana Code § 35-48-4-6-(a), will demonstrate that federal definition is narrower than Indiana's definition for drug offense. Put differently, the Indiana Code is overly broad.

The Ninth Circuit applies a three-step analysis to determine whether a prior conviction under state law qualifies as a felony drug offense for the purpose of sentencing enhancement. See United States v. Ocampo-Estrada, 873 F.3d 661, 667 (9th Cir. 2017). The first inquiry is whether the state law is a categorical match with a federal "felony drug offense." Because Noble's prior Indiana convictions are not a categorical match with the federal definition of "felony drug offense," the matter is settled under Mathis and the categorical approach.

Accordingly, Allen is applicable in this instant case because Noble's sentence is a statutory mandatory minimum life sentence that rested on prior convictions that are not categorically qualified predicates under Descamps and Mathis. Thus, based on the foregoing, if Noble is correct under Mathis and Descamps that his [Indiana drug convictions] are no longer convictions for felony drug offenses under 21 U.S.C. § 841(b)(1)(A), this Court should find that he is actually innocent of a noncapital sentence for the purpose of

6

qualifying for the escape hatch. Allen, 950 F.3d at 1190.

   2. Noble has not had an unobstructed procedural
      shot at presenting his claim

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060. To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047. That is, an intervening court decision must "constitute[] a change in the law creating a previously unavailable legal basis for petitioner's claim." Harrison, 519 G.3d at 961.

Noble's § 2255 was denied March 15, 2016. Thereafter, Mathis was decided June 23, 2016. Thus, Noble did not have an unobstructed procedural shot to assert his actual innocence claim. Moreover, at the time of Nobles direct appeal and his § 2255, the Seventh Circuit had foreclosed this claim that Noble's prior qualified as "felony drug offenses." However, just recently, new legal developments in the Seventh Circuit clarified whether Noble's prior Indiana state drug convictions

7

fit the definition of a "felony drug offense." First, in United States v. De La Torre, 940 F.3d 948, 952 (7th Cir.2019), the Seventh Circuit held that dealing in methamphetamine under Ind. Code § 35-48-2-8(b) is not categorically a prior drug offense because the state's definition of the controlled substance involved-including, among other terms, its definition of an "isomer" -- applied more broadly than federal law. Less than a year later, the Seventh Circuit decided in United States v. Ruth, 966 F.3d 642 (7th Cir. 2020), an Illinois conviction for possession with intent to deliver cocaine was not a "felony drug offense" because Illinois' definition of cocaine-like Indiana's--included optical, positional, and geometric isomers, and therefore was broader than federal law. In other words, Ind. Code §§ 35-48-1-7 and 35-48-2-8(b)(2006) defined cocaine more broadly than the federal code, 21 U.S.C. §§ 802(17)(C)-(D).

In Lopez v. Lynch, 810 F.3d 484 (7th Cir. 2016), the Seventh Circuit addressed Indiana's "dealing-in-cocaine statute § 35-48-4-1 which is textually identical to the dealing-in-marijuana statute. The Seventh Circuit held that Indiana dealing-in-cocaine statute was fatally broader and thus nongeneric because Indiana "also criminalizes financing the manufacture or delivery of illegal drugs." 810 F.3d at 489. Most notable, "financing manufacture of delivery of illegal drugs" is not listed in the federal generic definition of "felony drug offense." See Lomax v. United States, 2021 U.S. Dist. LEXIS 25010 (S.D. Ind. Feb. 9, 2021)("Indiana's statute that prohibited possession with intent to distribute cocaine was overly-broad for the same reason as in Ruth"); see

8

also, United States v. Garcia, 948 F.3d 789, 744 (7th Cir. 2020), and United States v. Espinoza-Bazaldua, 771 Fed. Appx 737 (5th Cir. 2017).

The Ninth Circuit had already applied the categorical approach to the federal "felony drug offense" definition. See United States v. Ocampo-Estrada, 873 F.3d 661, 667 (9th Cir. 2017). Under the categorical approach, Noble's two prior Indiana state convictions that were used to enhance his sentence to mandatory life imprisonment are not a categorical matches to the federal definition of felony drug offense, pursuant to 21 U.S.C. § 802(44). See United States v. Hernandez, 312 F. App'x 937, 939 (9th Cir. 2009)(applying the categorical approach to the "felony drug offense" definition).

In Allen, the Ninth Circuit held that Allen had not had an unobstructed procedural shot at presenting his actual innocence claim because "Allen's claim under Mathis and Descamps 'did not become available until after the [Second] Circuit denied his § 2255, and because that claim does not satisfy the criteria of § 2244 for a second or successive § 2255 motion, [Allen] has not had (and indeed, will never get) an opportunity to present his ... claim in a § 2255 motion' that his prior convictions were not for predicate crimes under the standard in Mathis and Descamps." Allen, 950 F.3d at 1191.

Because Noble's claim under Mathis did not become available until after his § 2255 motion was denied March 15, 2016, and his claim does not satisfy the criteria of § 2244 for a second or successive § 2255 motion, Noble has not had

9

(and, indeed, will never get) an opportunity to present his claim...in a § 2255 motion that his prior Indiana state convictions are not categorical "prior drug offense[s] under § 802(44) and the standard in Mathis. Thus, Noble is entitled to resentencing without the application of §§ 841 and 851 enhancement. See e.g. Courtright v. Von Blanckensee, 2022 U.S. App. LEXIS 4618 (9th Cir. Feb. 22, 2022)(reversed and remanded because defendant's state conviction was not a categorical match for any offense listed in 18 U.S.C. § 3559(a). Thus, he was actually innocent of the mandatory sentencing enhancement and was entitled to resentencing without its application). In Courtright, the Ninth Circuit held that on remand, the Arizona court may wish to order briefing on whether it has authority to resentence Courtright, or whether (and by what means) the case should be transferred to the Southern District of Illinois.

However, a very persuasive case this court should consider is Capps v. Ciolli, No. 1:20-cv-00766-AWI-SAB-HC. In Capps, the district court found (contrary to the respondent's false claim that Capps sentence is a guidelines life sentence), that Capps was sentenced to a statutory life sentence due to the government's two prior felony drug offense notices. But most importantly, in Capps, Senior District Judge, Anthony W. Ishii, held that, "[r]espondent fails to demonstrate how [Capps'] statutory sentence of life imprisonment is not 'a mandatory sentence under a mandatory sentencing scheme.'" Shepherd, 5 F.4th at 1078. 'Accordingly, the court finds that Allen is applicable and that [Capps] may proceed with his § 2241 petition pursuant to the escape

10

hatch." (dismissing Respondent's motion to dismiss and referred back to Magistrate Judge). Upon remand, the Magistrate Judge found that Capps' two prior Missouri state convictions were not categorically "felony drug offenses in light of § 802(44) and the standard established in Mathis. Thus, the Magistrate Judge concluded that Capps may proceed under § 2241 pursuant to the escape hatch.

Capps v. Ciolli is persuasive here, and this court should reject any attempt of Respondent that claim Noble's statutory mandatory life sentence is a guidelines sentence--as it did in Capps. This court must also find that Noble has satisfied the requirements of the escape hatch, thus, should be allowed to proceed on § 2241.

C. Conclusion

Accordingly, for all the foregoing, this Court should allow Chad Noble to proceed under § 2241 pursuant to the escape hatch.

Dated: 10/12/2022.

Respectfully submitted,

*Chad Noble*

Chad Noble

11